Dangerfield Lawson v. Commissioner.
Lawson v. Commissioner
Docket No. 1525-64.
United States Tax Court
T.C. Memo 1966-120; 1966 Tax Ct. Memo LEXIS 162; 25 T.C.M. (CCH) 632; T.C.M. (RIA) 66120; June 6, 1966
William C. Hague, 4742 Milford, Detroit, Mich., for the petitioner. Charles S. Stroad, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's 1962 income tax in the amount of $617.75. Respondent conceded a portion of the deficiency so the only issue presented is whether petitioner is entitled to the dependency credit he took in 1962 for his three sons, Ronnie Lawson, age 12, Dangerfield Lawson, III, age 10, and Reginald Lawson, age 6. Petitioner was divorced from the children's mother, Eloise Lawson, now Eloise Johnson, in June of 1962 and Eloise was granted custody of the children and they lived with her throughout the year 1962. Eloise was employed in 1962 *163 and she earned approximately $5,000. Petitioner had the burden of proving that he supplied more than one-half of the total support of his three sons. Section 152(a), Internal Revenue Code of 1954. The only evidence he offered was his own testimony to the effect that during the year 1962 he was divorced from his wife by a decree (which was not offered in evidence) which required him to pay child support and he did, in fact, pay Eloise $1,473.50, of which about $1,373.50 was child support and the balance reimbursement to Eloise for mortgage payments she had made. He said he had been living in the same house with his wife and children up until the divorce decree became final in June of 1962 but evidently he contributed nothing for household expenses or food and clothing for the children while he says he lived with them. He also said there had been a prior order of the divorce court (which was not offered in evidence) which had required him to pay one-half of the monthly house note ( $61) and one-half of the utilities. He also said the divorce decree gave him a one-third interest in the proceeds of the family home when it was sold. We think petitioner wholly *164 failed to sustain his burden of proof that he supplied more than one-half of the support of his three sons. In any event respondent offered the testimony of Eloise. She testified that she and petitioner were in the process of getting a divorce from January to June in 1962 and that petitioner did not live in the house with her and the children although the early court order gave him permission to live there if he wished. She testified in detail as to household expenditures and other expenses allocable at least in part to the children for gas, electricity, fuel oil, water, telephone, food, clothing, baby sitting and automobile expense. Many of her expenditures were supported by canceled checks and her testimony was much more forth-right and believable than the vague testimony of petitioner, which largely consisted of answers to his counsel's leading questions. Her testimony shows the total support costs for 1962 for each child without considering any allocable portion of the fair rental value of the home, would be at least $1,100 per child and perhaps more. Petitioner filed no brief. Petitioner paid $1,373.50 for the support of the three children, or $457.83 for each child, which is *165 less than half of the total support of each child without considering any item for rental or housing or part thereof as apportionable to him. At the trial petitioner seemed to make some vague claim that he shared, in some unstated amount, in providing a home for the children because of his one-third interest in the sale proceeds of the house. There was no testimony by anyone as to the rental value of the house and we were not told anything about the title to the house. Petitioner admits he did not make the note payments on the house as ordered. Eloise testified she was given the right to occupy the house but after June she had to make the note payments without any reimbursement claim against petitioner, and the house was to be sold if she remarried (which she did) and the proceeds divided one-third to her, one-third to petitioner, and one-third to the children. The house was sold in 1964 for $11,500 and there was division of the proceeds, in accordance with the decree. The mere fact that the divorce decree provided for some division of the proceeds of the sale of the home, does not establish that petitioner had any share in providing a place for the children to live. We hold for *166 respondent on the issue presented but to give effect to his concession as to another adjustment. Decision will be entered under Rule 50.